IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                            CRIMINAL ACTION NO.  3:23-00084

STEPHEN MICHAEL WOLFORD

**MEMORANDUM OPINION AND ORDER**

On January 29, 2024, Defendant Stephan Michael Wolford filed his *Bruen*-Based Motion to Dismiss. ECF No. 35. On February 8, 2024, the Court denied Wolford's motion. This memorandum opinion and order follows.

On May 23, 2023, Wolford was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *Indictment*, ECF No. 1. The indictment alleges that Wolford possessed the firearm despite knowing he had been convicted of the felony offense of Grand Larceny in the Circuit Court of Cabell County, West Virginia, in violation of W. Va. Code § 61-3-13(a), an offense which was punishable by a term of imprisonment exceeding one year.

Wolford's motion argues, at length, that in the aftermath of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), 18 U.S.C. § 922(g)(1) is inconsistent with the United States' historical tradition of firearm regulation and therefore is unconstitutional under the Second Amendment.

This Court has previously, and consistently, held that the Second Amendment's protections do not extend to the possession of firearms by convicted felons. *See United States v. Will*, No. CR 3:23-00148, 2024 WL 86930 (S.D.W. Va. Jan. 8, 2024) (Chambers, J.); *United States v. Day*, No. 5:22-CR-00086, 2023 WL 4824728 (S.D.W. Va. July 27, 2023) (Volk, J.)

*United States v. Ray*, Crim. Act. No. 3:21-00057, 2023 WL 4378152 (S.D. W. Va. July 6, 2023) (Chambers, J.); *United States v. Bever*, --- F. Supp. 3d. ---, No. CR 2:22-00164, 2023 WL 2991870 (S.D.W. Va. Apr. 18, 2023) (Faber., J.); *United States v. Bradley*, No. 2:22-CR-00098, 2023 WL 2621352 (S.D.W. Va. Mar. 23, 2023) (Berger, J.); *United States v. Price*, 635 F. Supp. 3d 455 (S.D.W. Va. 2022) (Goodwin, J.).

With respect to Wolford's motion, the Court once again finds no reason to depart from its prior rulings. Accordingly, the Court finds the § 922(g)(1) charge against Wolford does not violate the Second Amendment and **DENIES** his motion to dismiss.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:    February 13, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE